[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12152
_____

D.C.  Docket No. 1:14-cr-20323-CMA-4


UNITED STATES OF AMERICA,

Plaintiff-Appellant
Cross-Appellee,


versus


TIFFANY FOSTER,
a.k.a. Tiffany Coleman,
a.k.a. Tiffany Lee,
a.k.a. Tiffany Smith,
a.k.a. Tiffany Coleman Smith,

Defendant-Appellee
Cross-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 20, 2016)

Before HULL and MARTIN, Circuit Judges, and WRIGHT,[*] District Judge.

PER CURIAM:

A jury found Tiffany Foster (Foster) guilty under two counts of the Superseding Indictment:  conspiracy to commit health care fraud and wire fraud (Count I) and conspiracy to defraud the United States and pay and receive kickbacks (Count IX).  Foster moved for a new trial and filed a motion for judgment of acquittal, asserting that she had withdrawn from the conspiracies more than five years before the date of the original indictment, making the charges against her time-barred under the statute of limitations.  The district court granted Foster's motion for judgment of acquittal and denied as moot her motion for a new trial.  The United States appeals the judgment of acquittal, and Foster cross appeals, asserting that the district court erred in not ruling upon her motion for a new trial.

After review and oral argument, we conclude that the district court erred in granting judgment of acquittal.  The parties agree that the district court properly instructed the jury on Foster's defense of withdrawal from the conspiracies.  However, on a motion for judgment of acquittal, the court must view the evidence in a light most favorable to the government and determine whether a reasonable

---

[*]Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, sitting by designation.

jury could have found the defendant guilty beyond a reasonable doubt.  *United States v. Miranda*, 425 F.3d 953, 956 (11th Cir. 2005).  In this case, while Foster presented evidence to support her defense, there was substantial evidence from which a reasonable jury could find that Foster had not withdrawn from the conspiracies more than five years before the indictment.  Accordingly, we conclude that the district court erred in granting the motion for judgment of acquittal, reverse on that ground, vacate the judgment of acquittal dated April 16, 2015, and remand for consideration of Foster's motion for a new trial.

**REVERSED AND REMANDED**.